UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-05322-SVW-BFM | Date | August 9, 2024 |
|---|---|---|---|
| Title | Marc-Antony Halliday v. Panda Restaurant Group, Inc. et al | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND [12]

## I. Introduction

Before the Court is a motion to remand the action back to state court. Dkt. 12. For the following reasons, the motion is GRANTED.

## II. Factual and Procedural Background

Plaintiff Marc-Antony Halliday ("Plaintiff") filed this class action lawsuit against defendant Panda Restaurant Group, Inc ("Defendant" or "Panda") in Los Angeles Superior Court. Dkt. 1, Ex. A. Plaintiff alleges that Panda failed to safeguard his personal information with regard to a cybersecurity breach that occurred sometime between March 7, 2024, and March 10, 2024. Dkt. 1, Ex. A, ¶ 1. Panda timely removed the case on June 24, 2024. Dkt. 1. Plaintiff filed this motion to remand on July 15, 2024. Dkt. 9.

Plaintiff is a citizen of California. Dkt. 1, ¶ 4. Panda is a citizen of California. *Id.* ¶ 5; Dkt. 1, ¶ 18. Plaintiff seeks to represent the following class:

> All citizens of the State of California whose personal information was compromised in or as a result of the data breach of PANDA announced on or around April 30, 2024.

Dkt. 1, Ex. A, ¶ 43.

|  | : |  |
|---|---|---|
|  | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-05322-SVW-BFM | Date | August 9, 2024 |
|---|---|---|---|
| Title | Marc-Antony Halliday v. Panda Restaurant Group, Inc. et al | | |

### III. Legal Standard

Federal courts are courts of limited jurisdiction and have subject matter jurisdiction only where authorized by the Constitution and Congress. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Unless otherwise limited, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a).

Federal courts also have original jurisdiction pursuant to the Class Action Fairness Act ("CAFA"). 28 U.S.C. §1332(d). CAFA gives federal courts jurisdiction over certain class actions, defined in § 1332(d)(1), if the class has more than 100 members, any class member is a citizen of a state different from any defendant, and the amount in controversy exceeds $5 million. 28 U.S.C. §1332(d)(2), (5)(B). The requirement that any class member is a citizen of a state different from any defendant is called "minimal diversity." *AmGuard Ins. Co. v. SG Patel & Sons II LLC*, 999 F.3d 238, 245 (4th Cir. 2021) ("'Minimal' diversity means that at least two claimants are not co-citizens, even if others are.").

"Through CAFA, Congress broadened federal diversity jurisdiction over class actions . . ." *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 882 (9th Cir. 2013). "[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court," *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Thus, "CAFA's "provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Id.* (cleaned up). However, "under CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006) (*per curiam*) (noting that Congress passed CAFA in the context of a "longstanding, near-canonical rule that the burden on removal rests with the removing defendant").

### IV. Discussion

#### A. Original Jurisdiction Does Not Exist

| | Initials of Preparer | PMC |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-05322-SVW-BFM | Date | August 9, 2024 |
|---|---|---|---|
| Title | *Marc-Antony Halliday v. Panda Restaurant Group, Inc. et al* | | |

None of Plaintiff's claims arise under federal law. Thus, there is no federal question jurisdiction under 28 U.S.C. § 1331. Nor is there diversity jurisdiction under 28 U.S.C. § 1332(a).

Panda instead removed the case based on 28 U.S.C. § 1332(d), the Class Action Fairness Act. However, Panda has failed to show minimal diversity. On the contrary, Panda admits that it is a citizen of California and that Plaintiff seeks to represent a "California-wide class of persons." Dkt. 1, ¶¶ 8, 20. Because all members of this putative class are, by definition, citizens of California, the entire class shares the same citizenship as Panda. We therefore find that Panda has failed to meet its burden of establishing CAFA jurisdiction, and that the case must be remanded.

### B. Plaintiff Is Free to Limit the Class to California Citizens

Panda argues that this Court must "look beyond the complaint to determine whether the putative class action meets the jurisdictional requirements." Dkt. 10 at 5. Panda believes that if this Court were to look beyond the complaint, we would see that minimal diversity exists because the data breach affected a *nationwide* group of people. *Id.*

Panda is incorrect. Plaintiff has restricted the class to California plaintiffs, which precludes minimal diversity. Although Plaintiff may have intentionally circumscribed the class definition to avoid federal jurisdiction, "there is nothing improper about limiting a putative class to only citizens from this state." *Gallagher v. Johnson & Johnson Consumer Companies, Inc.*, 169 F. Supp. 3d 598, 604 (D.N.J. 2016). "CAFA does not change the proposition that the plaintiff is the master of her own claim" and may limit her claim to avoid federal subject matter jurisdiction. *Morgan v. Gay*, 471 F.3d 469, 474 (3d Cir. 2006); *see also Johnson v. Advance Am.*, 549 F.3d 932, 937 (4th Cir. 2008) (plaintiff was entitled to "limit[] the class to citizens of South Carolina" "so as to avoid federal jurisdiction under CAFA."); *In re Sprint Nextel Corp.*, 593 F.3d 669, 673 (7th Cir. 2010) (acknowledging CAFA's general goal to provide a federal forum for class actions but noting that CAFA "also provided for exceptions, and plaintiffs are free to 'circumscribe their class definitions' to fit within one of those exceptions and avoid federal jurisdiction"); *In re Hannaford Bros. Co. Customer Data Security Breach Litig.*, 564 F.3d 75, 76 (1st Cir. 2009) (rejecting argument that plaintiff has improperly defined the class by requiring all class members to be citizens of a certain state).

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-05322-SVW-BFM | Date | August 9, 2024 |
|---|---|---|---|
| Title | *Marc-Antony Halliday v. Panda Restaurant Group, Inc. et al* | | |

Panda's reliance on *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588 (2013) to support its proposition is misplaced. In *Standard Fire*, the Supreme Court held that a class-action plaintiff could not avoid CAFA jurisdiction by stipulating in the complaint that his class action would not seek damages that exceed $5 million—the amount in controversy requirement for CAFA jurisdiction. 568 U.S. at 590. The Court first noted that 28 U.S.C. § 1332(d)(6) requires that "the claims of the individual class members [] be aggregated" to determine whether the matter in controversy exceeds $5 million. *Id.* at 592. The Court then reasoned that "a plaintiff who files a proposed class action cannot legally bind members of the proposed class before the class is certified," and that such a plaintiff "does not speak for those he purports to represent." *Id.* at 593. Therefore, the Court found that the plaintiff could not bind other class members by stipulating to a certain amount in controversy. *Id.* In conclusion, the lower court should have ignored the class-action plaintiff's stipulation and independently determined the amount-in-controversy by aggregating the class members' claims. *Id.* at 595–96.

Here, the reasoning of *Standard Fire* does not apply because Plaintiff has done nothing to bind absent class members. Plaintiff has merely limited class members to California citizens and brings claims on their behalf—subject to no limitations such as maximum damages. *Cf. Standard Fire*, 568 U.S. at 593 (ignoring a plaintiff's stipulation in his complaint that would bind absent class members to maximum aggregate damages of $5 million). Further, Plaintiff's class definition does nothing to bind non-Californians allegedly affected by the data breach. Rather, Plaintiff is not asserting any claims on behalf of non-Californians in the first place. Thus, we find that Plaintiff has alleged a class limited to California citizens, defeating minimal diversity and CAFA jurisdiction.

V.   **Conclusion**

For the reasons given above. Plaintiff's motion to remand is GRANTED. The case is REMANDED.

**IT IS SO ORDERED.**

| | Initials of Preparer | PMC |
|---|---|---|